1  STANLEY GOFF (Bar No. 289564)
   LAW OFFICE OF STANLEY GOFF
2  15 Boardman Place Suite 2
   San Francisco, CA 94103
3  Telephone: (415) 571-9570
   Email: scraiggoff@aol.com
4

5  Attorney for Plaintiff

6              UNITED STATES DISTRICT COURT

7             NORTHERN DISTRICT OF CALIFORNIA

8

| EVERETTE HIGHBAUGH; | CASE NO.: |
|---|---|
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| | 1. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Malicious Prosecution); |
| v. | 2. Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 (Brady Violation); |
| CITY OF VALLEJO and VALLEJO DOE POLICE OFFICERS 1-25, and CITY OF OAKLAND and OAKLAND DOE POLICE OFFICERS 1-25 | 3. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (False Arrest); |
| Defendants. | 4. Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force); |
| | **DEMAND FOR JURY TRIAL** |

1

Plaintiff, demanding a jury trial, brings this action against Defendants CITY OF VALLEJO and VALLEJO DOE POLICE OFFICERS 1-25, and CITY OF OAKLAND and OAKLAND DOE POLICE OFFICERS 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

## I. PARTIES

1.  Plaintiff Everette Highbaugh, was at all times relevant to this complaint, living in the City of Vallejo.

2.  Defendant CITY OF VALLEJO is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California.

3.  Defendant Doe Vallejo Officers 1-25 were employed by the City of Vallejo at the time of the incident, whose identities and capacities are unknown at this time to the Plaintiff. These Doe Officers are being sued in their individual capacities.

4. Defendant CITY OF OAKLAND is a legal entity established under the laws of the state of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. OAKLAND is a municipality located within the Northern District of California.

5. Defendant Doe Oakland Police Officers were employed by the City of Oakland at the time of the incident, whose identities and capacities are unknown at this time to the Plaintiff. These Doe Officers are being sued in their individual capacities.

6.  All defendants acted under the color of law as it pertains to this complaint.

2

## II. JURISDICTION AND VENUE

7.   This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over plaintiffs' claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Oakland DOE Officers place of business (Oakland California) is in the Northern District.

## III. STATEMENT OF FACTS

9. On Nov. 23, 2016, at a Virginia Street apartment in Vallejo California, Kenesha Jackson was murdered and Brad David who was her lover was critically wounded. The Plaintiff who had been in a previous relationship with Kenesha Jackson and was the father of her three children was charged with her murder and the attempted murder of Brad David.

10. Within hours after the shooting, the DOE Vallejo Officers had possession of Brad David's cell phone which contained numerous threatening texts messages from a woman named Hope McKinney who Brad David was dating at the same time he was having an intimate sexual relationship with Kenesha Jackson.

11. The DOE Vallejo Officers had knowldege that Hope McKinney owned a .38-caliber handgun and, in apparent fits of jealousy and disgust with Brad David's behavior, sent numerous threatening text messages to Brad David just days before the shooting.

12. However, despite this exculpatory evidence that existed that should have ruled the Plaintiff out as a possible suspect, the DOE Vallejo Officers chose to focus their sites on the Plaintiff anyway.

13. The DOE Vallejo Officers then alerted the Oakland Police Department that they were attempting to locate and arrest the Plaintiff. DOE Oakland police officers located the Plaintiff at his place of employment in Oakland, placed him in tight fitting handcuffs that caused him pain and extreme discomfort and left him in the back of a police car for two hours with the tight fitting handcuffs, without the DOE Oakland Officers making any adjustments to loosen the handcuffs, despite the Plaintiff giving notice of his pain and discomfort to these Defendants numerous times and repeatedly requesting for the Oakland Defendants to loosen or adjust his handcuffs.

14. The Plaintiff was subsequently booked into the Solano County Jail, arraigned, pled not guilty to the charges in early December 2016 and remained in jail without bail until he was ultimately acquitted of all charges in April 2019.

15. It is alleged and believed that the DOE Vallejo Police Officers, who were investigating the shooting, were fully aware during the course of their investigation, that Brad David had been dating another woman named Hope McKinney at the same time he was having an intimate sexual relationship with Kenesha Jackson and that Hope McKinney owned a .38-caliber handgun and, in apparent fits of jealousy and disgust with Brad David's behavior, sent numerous threatening text messages to him just days before the shooting, which to a reasonable officer conducting a criminal investigation would have suggested someone else other than the Plaintiff had committed the crimes.

16. It is alleged that the DOE Vallejo Police Officers who were investigating the shooting, and who were fully aware of the exculpatory evidence in their possession that would have eliminated the Plaintiff as a suspect, intentionally did not hand this evidence to the District Attorney's Office

4

1    with the sole purpose of ensuring that the Plaintiff would be prosecuted and ultimately convicted

2    for the murder of Kenesha Jackson and the attempted murder of Brad David.

3        17. It is alleged based on knowledge and belief that the City of Vallejo through its police

4    department and its employee officers have engaged in the withholding of exculpatory evidence

5    for the purpose of ensuring individuals are prosecuted without probable cause and convicted for

6    crimes that they have not committed and that this conduct or practice has been taking place for

7    the last 10 years and that the City of Vallejo has known of this practice and has ratified this

8    conduct as an official custom or practice.

9        18. Plaintiff is informed and believes that the City of Vallejo has sanctioned and ratified its

10   officers' actions to engage in the withholding of exculpatory evidence, including in this case;

11   failed to train and supervise its police officers properly to ensure they conduct proper police

12   investigations under the color of the law; and acted with deliberate indifference in failing to

13   properly train its police officers or to adopt policies necessary to prevent such constitutional

14   violations. These violations are compensable pursuant to 42 U.S.C. § 1983.

15       19. It is alleged that the DOE Oakland Police Officers placed the Plaintiff in tight fitting

16   handcuffs and intentionally left him in tight fitting handcuffs for over two hours in the back of a

17   police car, despite having sufficient notice that the handcuffs were causing the Plaintiff extreme

18   pain and unnecessary suffering.

19       20. It is alleged based on knowledge and belief that the City of Oakland through its police

20   department and its employee officers have engaged in the use of tight fitting handcuffs and the

21   leaving of individuals in the back of police cars for extending periods of time in tight handcuffs,

22

23

and that this conduct or practice has been taking place for the last 10 years and that the City of Oakland has known of this practice and has ratified this conduct as an official custom or practice.

21. Plaintiff is informed and believes that the City of Oakland has sanctioned and ratified its officers' actions to engage in this type of conduct, including in this case; failed to train and supervise its police officers properly to detain individuals under the color of the law; and acted with deliberate indifference in failing to properly train its police officers or to adopt policies necessary to prevent such constitutional violations. These violations are compensable pursuant to 42 U.S.C. § 1983.

## IV. CAUSES OF ACTION
### FIRST CLAIM
### (42 U.S.C. Section 1983 MALICIOUS PROSECUTION)
### (Against Defendants DOE Vallejo Police Officers and *Monell against Vallejo*)

22. The Defendants acting with malice, caused the initiation of false charges to be filed against the Plaintiff subjecting the Plaintiff to *malicious prosecution* which deprived him of his right to be free from unreasonable seizure of his person under the Fourth Amendment to the United States Constitution.

23. That the Defendants were actively involved in causing the Plaintiff to be prosecuted for the charges of murder and attempted murder;

24. That the criminal proceedings regarding these charges ended in Plaintiff's favor when he was acquitted.

25. That no reasonable person in the Defendants' same position would have believed that there were grounds for causing the Plaintiff to be arrested and prosecuted based on the above-listed charges because the Defendants had knowledge that the Plaintiff did not commit any crime on the day in question.

26. That the Defendants acted primarily for a purpose other than to bring the Plaintiff to justice because they had knowledge that the Plaintiff had not committed the criminal offenses that the Defendants falsely alleged that he committed and yet arrested the Plaintiff and charged him with these crimes anyway.

27. That the Plaintiff was harmed based on this malicious prosecution because he was incarcerated (loss of his liberty) for over two years; and

28. That the Defendants' conduct was a substantial factor in causing Plaintiff's harm.

### ***Monell Claims Against Vallejo***

29. It is alleged based on knowledge and belief that the City of Vallejo through its police department and its employee officers have engaged in the withholding of exculpatory evidence for the purpose of ensuring individuals are prosecuted without probable cause and convicted for crimes that they have not committed and that this conduct or practice has been taking place for the last 10 years and that the City of Vallejo has known of this practice and has ratified this conduct as an official custom or practice.

30. Plaintiff is informed and believes that the City of Vallejo has sanctioned and ratified its officers' actions to engage in the withholding of exculpatory evidence, including in this case; failed to train and supervise its police officers properly to ensure they conduct proper police investigations under the color of the law; and acted with deliberate indifference in failing to

properly train its police officers or to adopt policies necessary to prevent such constitutional

violations. These violations are compensable pursuant to 42 U.S.C. § 1983.

## SECOND CLAIM
### (42 U.S.C. Section 1983 BRADY VIOLATION)
### (Against Defendants DOE Vallejo Police Officers and *Monell against Vallejo*)

31. The Defendants acting with malice, intentionally withheld exculpatory evidence from the Plaintiff regarding his prosecution for murder and attempted murder, thus depriving the Plaintiff of his right to be due process under the Fourteenth Amendment to the United States Constitution.

32. That this exculpatory evidence (that Brad David had been dating another woman named Hope McKinney at the same time he was having an intimate sexual relationship with Kenesha Jackson, that Hope McKinney owned a .38-caliber handgun and, in apparent fits of jealousy and disgust with Brad David's behavior, sent numerous threatening text messages to him just days before the shooting), was highly favorable to exculpation or impeachment in the Plaintiff's criminal case.

33. That the Defendants acting with malice, intentionally withheld this exculpatory evidence from the Plaintiff regarding his prosecution for murder and attempted murder.

34. That the Defendants' intentional withholding of this exculpatory evidence was highly prejudicial to the Plaintiff and severely hampered his ability to adequately defend against his criminal charges.

35. That the Plaintiff was harmed based on this BRADY VIOLATION because he was force to endure the emotional distress of being prosecuted for crimes that he did not commit and was incarcerated in the Solano County Jail (loss of his liberty) for over two years; and

8

36. That the Defendants' conduct was a substantial factor in causing Plaintiff's harm.

***Monell Claims Against Vallejo***

37. It is alleged based on knowledge and belief that the City of Vallejo through its police department and its employee officers have engaged in the withholding of exculpatory evidence for the purpose of ensuring individuals are prosecuted without probable cause and convicted for crimes that they have not committed and that this conduct or practice has been taking place for the last 10 years and that the City of Vallejo has known of this practice and has ratified this conduct as an official custom or practice.

38. Plaintiff is informed and believes that the City of Vallejo has sanctioned and ratified its officers' actions to engage in the withholding of exculpatory evidence, including in this case; failed to train and supervise its police officers properly to ensure they conduct proper police investigations under the color of the law; and acted with deliberate indifference in failing to properly train its police officers or to adopt policies necessary to prevent such constitutional violations. These violations are compensable pursuant to 42 U.S.C. § 1983.

**THIRD CLAIM**

**(Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (False Arrest) – As to Defendant DOE Vallejo Officers and DOE Oakland Officers)**

39. That Defendants with the assistance of Doe Oakland Police officers (integral participants), acting under color of law, unlawfully seized the Plaintiff in violation of the Fourth Amendment by deliberately and intentionally falsely placing him under arrest.

40. That Plaintiff was arrested.

41. Plaintiff had not committed any crime;

42. That based on the evidence the Defendants had within hours of the murder and attempted

9

murder (that Brad David had been dating another woman named Hope McKinney at the same time he was having an intimate sexual relationship with Kenesha Jackson, that Hope McKinney owned a .38-caliber handgun and, in apparent fits of jealousy and disgust with Brad David's behavior, sent numerous threatening text messages to him just days before the shooting), Defendants did not have probable cause to arrest the Plaintiff.

43. Such actions were in conscious and reckless disregard of the risk of injury and under the circumstances, there was no objectively reasonable basis for the Defendants' actions.

### *Monell Claims Against Vallejo*

44. Defendant City of Vallejo deprived Plaintiff of his rights, privileges, and immunities secured by the United States Constitution by, among other things, does not train, or inadequately trains its officers regarding the handling of citizens, so as not to cause these individuals to suffer being unlawfully arrested.

45. Furthermore, City of Vallejo has engaged in a widespread or longstanding custom and practice for the last 10 years of allowing its law enforcement employees to engage in the unlawful arrests of its residents, together with its lack of, or inadequate, training amounts to deliberate indifference towards the constitutional rights of individuals.

46. As a direct result of City of Vallejo's actions and inactions, Plaintiff's constitutional rights were violated, resulting in Plaintiff's injuries.

## FOURTH CLAIM

### (Violation of Plaintiff's Fourth Amendment Rights 42 U.S.C §1983 (Excessive Force) – As to Oakland DOE Defendants)

47. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

48. That Defendant DOE Oakland Officers, acting under color of law, used unreasonable and excessive force by deliberately and intentionally placing the Plaintiff in tight fitting handcuffs, and leaving him in the tight fitting handcuffs for over two hours in the back of a police car, despite having sufficient notice that the handcuffs were causing the Plaintiff extreme pain (i) Plaintiff was unarmed; (ii) Plaintiff did not pose any threat to defendant officers or bystanders; (iii) other alternative methods were available to effectuate the seizure of the Plaintiff without causing him to suffer.

### *Monell Claim Against Oakland*

49. It is alleged based on knowledge and belief that the City of Oakland through its police department and its employee officers have engaged in the use of tight fitting handcuffs and the leaving of individuals in the back of police cars for extending periods of time in tight handcuffs, and that this conduct or practice has been taking place for the last 10 years and that the City of Oakland has known of this practice and has ratified this conduct as an official custom or practice.

50. Plaintiff is informed and believes that the City of Oakland has sanctioned and ratified its officers' actions to engage in this type of conduct, including in this case; failed to train and supervise its police officers properly to detain individuals under the color of the law; and acted with deliberate indifference in failing to properly train its police officers or to adopt policies necessary to prevent such constitutional violations. These violations are compensable pursuant to 42 U.S.C. § 1983.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages and other special damages according to proof;

2. For general damages according to proof;

3. For punitive damages against all individual defendants according to proof;

4. The prejudgment interest at the legal rate according to proof;

5. For costs and reasonable attorneys' fees as provided by law; and

6. For such other relief as the Court may deem fit and proper.

## VI. JURY DEMAND

Plaintiffs demand a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: June 14, 2020                    _____/s/ STANLEY GOFF_____
                                        STANLEY GOFF
                                        Attorney for Plaintiff

12